IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ALBIN MELI, <br> CHARLIE MELI, and <br> JEREMIE MELI, <br>     Plaintiffs, <br><br> v. <br><br> CITY OF BURLINGTON, VERMONT <br><br> BRANDON DEL POZO, <br> INDIVIDUALLY AND IN HIS <br> OFFICIAL CAPACITY AS CHIEF <br> OF POLICE FOR THE CITY OF <br> BURLINGTON, VERMONT <br><br> JASON BELLAVANCE, <br> INDIVIDUALLY AND IN HIS <br> OFFICIAL CAPACITY AS A POLICE <br> OFFICER FOR THE CITY OF <br> BURLINGTON, VERMONT <br><br> CORY CAMPBELL <br> INDIVIDUALLY AND IN HIS <br> OFFICIAL CAPACITY AS A POLICE <br> OFFICER FOR THE CITY OF <br> BURLINGTON, VERMONT, <br><br>     Defendants. | Civil Action No. 2:19–CV–71 |

## AGREEMENT GOVERNING PRODUCTION OF DOCUMENTS

**WHEREFORE:** Albin Meli, Charlie Meli, and Jeremie Meli, and the City of Burlington, Brandon del Pozo, Jason Bellavance, and Cory Campbell, are engaged in litigation currently pending before the United States District Court for the District of Vermont;

**WHEREFORE:** Plaintiffs and Defendants (collectively, the "Parties") are engaged in ongoing discovery in the above referenced matter; and will be producing both paper and electronic "documents" (as defined below) thereto;

**WHEREFORE:** The Parties will, prior to production of relevant documents pursuant to Fed. R. Civ. P. 26, 30, 33 and 34, undertake individual reviews of the documents as a reasonable step to prevent the inadvertent disclosure of documents subject to the attorney-client, work product, law

enforcement, and deliberative process privilege, and will provide a privilege log for documents withheld thereto in accordance with Fed. R. Civ. P. 26(b)(5)(A);

**WHEREFORE:** Despite diligent efforts on the part of counsel, there remains a risk that a document which is subject to a claim of privilege escapes detection and is inadvertently produced;

**THEREFORE:** It is hereby AGREED between the Parties as follows:

The terms "document" or "documents," when used herein, are intended to be construed in the broadest possible sense, and shall include, but is not limited to, the following:

- a. the original and any copy of any writings, drawings, graphs, charts, records and recordings of oral conversations, ledgers, memoranda, reports, electronic mail, financial reports, notes, checks, punch cards, magnetic tapes, discs, data cells, drums, printouts and other data compilations from which information can be obtained and all other forms of data compilation including all forms of computer storage and retrieval;

- b. the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, manual, letter, memorandum, telegram, report, record, study, messages (including reports, notes, and memoranda of telephone conversations and conferences), analyses, bulletins, notices, instructions, minutes of all other communications, handwritten notes, working paper, chart, paper, envelope, graph, index, diary, transcript, questionnaires, surveys, stenographic note, tape disc, tape or other recordings, data sheet, or data processing card, however produced or reproduced, including drafts and copies bearing notations or marks not found on the original; and

- c. any graphic matter of any kind or nature whether written, printed, typed or by other medium, including charts, graphs, pictures, photographs, sketches and illustrations.

"Privilege" is used herein in its broadest sense, and shall include claims of attorney-client privilege, work-product protection, law enforcement privilege, deliberative process privilege and any other privilege or protection authorized by law.

The Parties will conduct a thorough preliminary review of the documents to be produced. The Parties will use best efforts to identify and remove from production all documents which are subject to a claim of privilege, and will provide a description (i.e. privilege log) for documents withheld on the basis of privilege in accordance with Fed. R. Civ. P. 26(b)(5)(A).

Upon completion of this preliminary review, a producing Party will produce all documents called for by the relevant discovery requests that are not determined by the producing Party to be privileged.

Upon the identification of an inadvertently produced document that a producing Party believes is subject to a claim of privilege, the producing Party shall promptly notify the receiving Party of that fact, and/or take other reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).

When notified that a particular document was inadvertently produced, the receiving Party shall promptly locate and collect each copy of the document. The Parties will produce their electronic documents in a form that allows the receiving Party to delete from the larger collection a document for which privilege is claimed. The receiving Party shall make its best efforts to ensure that any documents identified as subject to privilege are not accessed, copied, distributed, transferred, annotated, dictated, transcribed, or otherwise examined, reproduced or disseminated from that point forward.

Once all of the copies of any document inadvertently produced have been collected, the receiving Party shall promptly either arrange for the return of those documents to the producing Party, or destroy each of the documents in question and confirm in writing to the producing Party that all of the documents in question have been destroyed.

If a Party believes a document inadvertently produced is not subject to a valid claim of privilege, it may return and/or destroy all but one copy of the document in question. The Parties will make their best efforts to resolve any disputes over privilege claims without involving the court. If the Parties are unable to resolve a dispute over privilege claims, the remaining copy may be submitted, under seal if necessary, to the Court or for a determination of whether privilege applies. If the claim of privilege is upheld, the receiving Party shall return or destroy the document as provided for herein.

All disputed documents shall be kept in the possession and under the exclusive control of the receiving Party's counsel, until destroyed or returned to the producing Party, or until a court of competent jurisdiction determines that the claim of privilege is inapplicable.

DATED at Burlington, Vermont, this 25th day of November, 2019.

CITY OF BURLINGTON, POLICE CHIEF BRANDON DEL POZO, POLICE OFFICER JASON BELLAVANCE, AND POLICE OFFICER CORY CAMPBELL

By: */s/ Pietro J. Lynn*
Pietro J. Lynn, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
*Counsel for Defendants*
76 St. Paul St., Suite 400
Burlington, VT 05401
(802) 860-1500
plynn@lynnlawvt.com

DATED at Burlington, Vermont, this 25th day of November, 2019.

                                          ALBIN MELI, CHARLIE MELI, and
                                          JEREMIE MELI,

                    By:   *S/Evan Chadwick*
                             Evan Chadwick, Esq.
                             Chadwick & Spensley, PLLC
                             *Counsel for Plaintiffs*
                             PO Box 6182
                             Brattleboro, VT 05302
                             (802) 257-7161
                             evan@chadwicklawvt.com

SO ORDERED.
December 3, 2019

/s/ William K. Sessions III
Hon. William K. Sessions III
District Court Judge