IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ALBIN MELI, CHARLIE MELI,
and JEREMIE MELI;

    PLAINTIFF,

vs.

CITY OF BURLINGTON, VERMONT,        Civil Actions No. 2:19-CV-71
BRANDON DEL POZO,
JASON BELLAVANCE, and
CORY CAMPBELL,

    DEFENDANTS.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MABIOR JOK,

    PLAINTIFF,

vs.

CITY OF BURLINGTON, VERMONT,        Civil Actions No. 2:19-CV-70
BRANDON DEL POZO,
JASON BELLAVANCE, and
JOSEPH CORROW,

    DEFENDANTS.

1

# PLAINTIFFS CONSOLIDATED MOTION FOR ADDITIONAL TIME TO PROPOUND REQUESTS TO PRODUCE ON BRANDON DEL POZO AND THE CITY OF BURLINGTON

NOW COMES, Plaintiffs, Albin, Charlie and Jeremie Meli (hereafter referred to as the "Meli brothers"), as well as Plaintiff Mabior Jok, and move the Court to extend the time to propound requests to produce on Defendants, Brandon del Pozo and the City of Burlington pursuant to Local Fed. R. Civ. P. 26(a)(7).

## INTRODUCTION

Plaintiffs believe that the exceptional circumstances normally required to extend the time to propound requests to produce after such deadlines have passed has been met in this specific circumstance. It has recently come to light that Defendant Brandon del Pozo has taken active efforts to conceal his interactions with critics of the City of Burlington and its Police Department, as well as the subsequent investigation from Plaintiff's counsel. It further appears that the City Attorney has assisted Defendant Brandon del Pozo in his efforts.

In order to resolve the challenges presented to Plaintiffs' cases in chief, and to preserve Plaintiff's ability to fairly cross-examine the Defendants at deposition and trial, Plaintiffs' counsel has conferred with Defendants' counsel in the hopes of obtaining additional documents. Plaintiffs' Counsel and Defendants' Counsel have been unable to resolve this request for additional production. See Attached Affidavit.

## MEMORANDUM

### Nature of the Case

Both the Meli matter and the Jok matter allege that Plaintiffs were assaulted and injured by the Defendants Bellavance and Campbell, and Corrow respectively. Plaintiffs further allege that these assaults and injuries were carried out as part of a policy of the City of Burlington and its police department, at the time directed by Defendant del Pozo, to deprive minorities of their constitutional rights. This policy allegation is based in part on the belief that Defendants harbored racial animus towards minorities.

### Discovery Items Sought

Plaintiffs seek the production of any documents generated by the City of Burlington as part of its investigation into Defendant del Pozo's social media commentary on public issues directed at a critic of City Government through an anonymous Twitter account.

Legal Argument

In the Meli matter, parties have previously agreed that all interrogatories and requests for production shall be served on or before September 27, 2019. In the Jok matter, parties have previously agreed that all interrogatories and requests for production shall be served on or before October 11, 2019.

However, on December 13, 2019, *Seven Days* Newspaper, following its own investigation, broke the story that Defendant Brandon del Pozo, after previously denying the same, had admitted to creating a fake social media account in order to respond to a critic of City Government and the Police Department. Courtner Lamdin, *Burlington Police Chief Admits He Used an Anonymous Twitter Account to Taunt a Critic*, Seven Days, December 12, 2019. See attached Exhibit 1 and Exhibit 2.

Plaintiffs seek the ability to request documents which relate to this recently learned development and the investigation performed by City of Burlington into Mr. del Pozo, as well as documents and communications regarding or involving the assistance he received from his deputy Jan Wright and members of the City Attorney's office in producing his discovery answers.[1] Plaintiffs counsel has also filed a separate Motion for Sanctions with this court with regards to Mr. del Pozo's conduct in concealing this information from Plaintiffs during the discovery process.

Local Fed. R. Civ. P. 26(a)(7) states "If additional discovery time is required due to case complexity or other extraordinary circumstances, counsel may move for an extension of time for good cause. Absent exceptional circumstances, requests must be made before the discovery deadline expires."

Plaintiffs counsel argues that production of documents as it relates to the specific issue of Mr. del Pozo's misfeasance meets the definition of exceptional or extraordinary circumstances per the rule. It would appear that the terms are being used interchangeably by the Court in this situation. Under either definition Plaintiffs meet the requirement of Local Fed. R. Civ. P. 26(a)(7) for the purposes of allowing for additional requests to produce.

In a discussion of Fed. R. Civ. P. 60(b) the Supreme Court found that "[t]o justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 US 380, 393 (1993).

---

[1] Plaintiffs do not seek additional Interrogatories at this time, however it is anticipated that such Interrogatories may be sought in the future. Plaintiffs request the Court consider this issue as well as it is impractical to depose every witness

3

As to the possible differences between extraordinary circumstances and exceptional circumstances, it would appear that the ability to act is a component in either definition.

In *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 US 423 (1982) the court reversed where a party "had an "opportunity to raise and have timely decided by a competent state tribunal the federal issues involved," *Gibson v. Berryhill*, 411 U. S., at 577, and because no bad faith, harassment, or other exceptional circumstances dictate to the contrary, federal courts should abstain from interfering with the ongoing proceedings." *Id* at 437.

In this matter, Plaintiffs had no knowledge of what had been concealed from them by Mr. del Pozo's conduct at the close of the deadline for discovery requests. Mr. del Pozo's false answers prevented Plaintiffs' counsel from raising the issue when Defendants' counsel requested additional time and the adoption of a rolling production schedule. Mr. del Pozo's willful concealment of information has resulted in Plaintiffs counsel requesting that Mr. del Pozo be sanctioned for his conduct.
Further, Plaintiffs counsel and Defendants counsel had discussed the need to extend deadlines for the production of documents and the objections of Defendants Counsel to the production of certain materials. Mr. del Pozo's social media activities at the time were believed by Plaintiffs to be innocuous and primarily unrelated to the case.

Plaintiffs here are faultless with regards to Mr. del Pozo's acts.   While Plaintiffs may depose Defendants and Defendant's witnesses regarding issues relating to Mr. del Pozo's social media use, there is currently no ability for Plaintiffs to request or obtain any documents relating to this matter from Defendant.  The Plaintiff's therefore request the Court's assistance.


DATED at Brattleboro, Vermont, this 10th day of January, 2020.


**ALBIN MELI, CHARLIE MELI, AND JEREMIE MELI**

> By:   /S/ Evan Chadwick_____
> Evan Chadwick, Esq.
> Chadwick & Spensley, PLLC.
> *Counsel for Plaintiffs*
> 136 High Street
> Brattleboro, VT 05301
> Phone: 802-257-7161
> evan@chadwicklawvt.com

4

DATED at Pittsford, Vermont, this 10th day of January, 2020.

**MABIOR JOK**

By: /S/ Robb Spensley
    Robb Spensley, Esq.
    Chadwick & Spensley, PLLC.
    *Counsel for Plaintiff*
    3232 Rte 7
    Pittsford, VT 05763
    Phone: 802-725-8318
    robb@chadwicklawvt.com