```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

ALBIN MELI, CHARLIE MELI,    )
and JEREMIE MELI,            )
                             )
          Plaintiffs,        )
                             )
     v.                      )    Case No. 2:19-cv-71
                             )
CITY OF BURLINGTON, VERMONT, )
BRANDON DEL POZO, JASON      )
BELLAVANCE, and CORY         )
CAMPBELL,                    )
                             )
          Defendants.        )
```

**ORDER**

This case centers on Plaintiffs' claims of excessive force. In the course of discovery, Plaintiffs asked Defendants to produce information about their social media accounts and other online communications, as well as any legal proceedings in which Defendants had been either a party or a witness. Plaintiffs now move the Court to impose punitive sanctions and enter partial default judgment because Defendants Brandon del Pozo and the City of Burlington reportedly failed to disclose all such information. For the reasons set forth below, the motion is **denied**.

**Factual Background**

On September 26, 2019, Plaintiffs sent Defendants interrogatories and requests to produce. The interrogatories sought information about, among other things, social media activities and any civil, criminal, or administrative proceedings in which Defendants had been involved as either parties or

witnesses.  Defendants, including Mr. del Pozo, identified certain online accounts and stated that none of those accounts had been deleted.  Mr. del Pozo also reported being named as a witness in a civil case brought against the City of Burlington.

On December 12, 2019, an article in the Burlington-area press revealed that Mr. del Pozo had made use of an anonymous Twitter account and, as a result, was the subject of an internal investigation.  The Twitter account and the internal investigation were not disclosed in response to Plaintiffs' interrogatories.  Mr. del Pozo resigned from his position as Chief of the Burlington Police Department on December 16, 2019.

Plaintiffs filed the instant motion on the day of Mr. Del Pozo's resignation, citing the incomplete responses to their discovery requests.  For relief, Plaintiffs ask the Court to impose punitive monetary sanctions and enter a default judgment in their favor on the matter of Defendants' liability in this case.  Shortly after receipt of Plaintiffs' motion, Defendants supplemented their discovery responses.  Defendants now contend that sanctions are not warranted, that the requested information has been provided, and that Mr. del Pozo's social media activity is not relevant to the claims in this case.  Defendants also submit that the internal investigation of Mr. del Pozo did not constitute the sort of civil, criminal, or administrative proceeding described in Plaintiffs' discovery requests.

**Discussion**

This matter constitutes a discovery dispute.  Plaintiffs requested information in discovery, and that information was not initially disclosed.  Instead of immediately moving for severe sanctions, counsel for Plaintiffs was required by Local Rule 26(c)(1) to confer in good faith with opposing counsel in an effort to resolve the dispute.  Plaintiffs' counsel failed to comply with the Local Rule, and that failure alone provides a basis for denying Plaintiffs' motion.

Furthermore, Plaintiffs' reliance on Fed. R. Civ. P. 37 is misplaced.  Rule 37 states that "[i]f a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A); *id.* at 37(b)(2)(A)(vi).  Here, the Court issued no such order to obey, provide or permit discovery.  Rule 37 also allows for entry of a default judgment where a party fails to disclose or supplement requested information.  *Id.* at 37(c)(1).  As discussed above, attorneys in this District are required to confer in good faith after a failure to disclose.  If those good faith efforts fail, sanctions may issue "unless the failure was substantially justified or is harmless."  *Id.*  Here, Plaintiffs have failed to

show any discernable harm resulting from Defendants' initial failure to disclose.[1]

Furthermore, "[d]ismissal under Fed. R. Civ. P. 37 is a drastic remedy that should be imposed only in extreme circumstances." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986).  Dismissal is usually imposed as a sanction only "after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988); *see also World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012).  A district court has "wide discretion in imposing sanctions under Rule 37." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007).  Plaintiffs in this case are seeking both monetary sanctions and a default judgment on the issue of Defendants' liability.  In light of Defendants' supplementation of their responses immediately after Plaintiffs filed the instant motion, and in the absence of any discernable prejudice, the Court declines to impose such sanctions at this time.

## Conclusion

For the reasons set forth above, Plaintiffs' motion for

---

[1] Plaintiffs' reliance in Fed. R. Civ. P. 60(b)(3) is also misplaced, as Rule 60(b) provides for relief from a final judgment, order, or proceeding.  There has been no final order in this case from which Plaintiffs may obtain relief.

4

punitive sanctions and default judgment (ECF No. 36) is **denied.** The parties shall each bear their own fees and costs with respect to this motion.

DATED at Burlington, in the District of Vermont, this 21st day of January, 2020.

<u>/s/William K. Sessions III</u><br>
William K. Sessions III<br>
District Court Judge