IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ALBIN MELI, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF BURLINGTON, VERMONT, )<br>*et al.*, )<br>)<br>Defendants. ) | Civil Action No. 2:19–CV–71 |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION
TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER**

Defendants, City of Burlington, Vermont, Brandon del Pozo, Jason Bellavance, and Cory Campbell, through their undersigned counsel, respectfully submit this Reply to Plaintiff's Objection to Defendants' Motion to Modify Scheduling Order. Defendants note, first, there is a good bit the Parties agree on with respect to Defendants' Motion to Modify Scheduling Order ("Motion to Modify"). Second, as Defendants have been diligent in their efforts to meet the Court's scheduling deadlines, and as allowing Defendants' proposed modifications to the Scheduling Order will not deprive Plaintiffs of the October trial date Plaintiffs seek, Defendants respectfully submit good cause exists for granting Defendants' request to modify the Scheduling Order.

**I.     There Is Substantial Agreement Between the Parties**

There is substantial agreement between the Parties regarding the factual background of Defendants' Motion to Modify. First, Plaintiffs do not contest Plaintiffs and Defendants have engaged, and continue to engage, in discovery beyond the deadlines in the Court's Scheduling Order. *See* Dkt. No. 125, Pls' Obj. to Mot. to Modify. Second, Plaintiffs do not dispute Defendants have been diligent – with the sole exception of not moving for an extension of the

1

summary judgment deadline prior to that deadline expiring – in their efforts to meet the Court's deadlines. *See id.* That is, Plaintiffs neither point to other dilatory conduct by Defendants nor assert Defendants have not worked to meet other deadlines in the Scheduling Order. *See id.* Third, the Parties agree this matter should be set for trial. As indicated in Defendants' Response to Plaintiff's Motion to Set Date Certain for Trial, Defendants do not oppose a date certain being set for trial. *See* Dkt. No. 126. Finally, the Parties agree that in a perfect world, Defendants would have moved for an extension of the summary judgment deadline prior to that deadline expiring. The Parties' conduct in this matter, however, demonstrates the Parties also agree, at least implicitly, that neither the world nor the progress of this litigation is perfect.

Were the progress of this litigation perfect, Plaintiffs would not be conducting discovery beyond the deadlines for same in the Court's Scheduling Order. Plaintiffs have conducted, and continue to conduct, discovery beyond the deadlines for same in the Court's Scheduling Order, confirming the progress of this litigation has not been perfect. Defendants believed, with Plaintiffs affirmatively conducting discovery outside the deadlines for same in the Scheduling Order, there was a professional understanding between the Parties to allow each other the time necessary to complete the work necessary to prepare this matter for trial. Defendants now know Plaintiffs – despite their willingness to take discovery out of time when it benefitted them, without objection from Defendants – did not share that understanding. There is, however, a path forward that accommodates Defendants' desire to modify the Scheduling Order and Plaintiffs' desire to set this matter for trial.

    **II.** **There Is Good Cause for Granting Defendants' Motion to Modify and Doing So Will Not Prejudice Plaintiffs**

As noted above, Plaintiffs do not dispute Defendants have been diligent – with the sole

exception of not moving for an extension of the summary judgment deadline prior to that deadline expiring – in their efforts to meet the Court's deadlines.  The inquiry into whether a party has demonstrated the diligence required to warrant a modification of scheduling deadlines is not necessarily limited to the specific deadline(s) the party seeks to modify.  *See generally Over & Under Piping Contractors, Inc. v. Vermont Gas Sys., Inc.*, No. 2:15-CV-169, 2018 WL 4108034, at *1 (D. Vt. July 24, 2018) (referring to party's diligence generally).  Rather, the inquiry asks more broadly whether the party has been generally diligent in the course of the litigation.  *See id.*  Here, Defendants have been diligent in moving this litigation forward, and Plaintiffs do not argue to the contrary.  *See* Dkt. No. 125 at 5.  As Defendants have been diligent in this litigation, good cause to grant Defendants' Motion to Modify exists.  *See Over & Under Piping Contractors, Inc.*, 2018 WL 4108034, at *1.

      Plaintiffs argue Defendants could have moved for summary judgment on the basis of qualified immunity earlier in this litigation.  Dkt. No. 125 at 5.  That argument ignores there are bases, beyond qualified immunity, upon which Defendants can move for summary judgment.  While Defendants could have prematurely moved for summary judgment solely on the basis of qualified immunity, doing so almost certainly would have necessitated a second motion for summary judgment from Defendants, needlessly expending the Court's and the Parties' resources.

      Moreover, granting Defendants' Motion to Modify will neither delay this litigation nor prejudice Plaintiffs.  In their Objection, Plaintiffs argue granting Defendants' Motion to Modify will prejudice Plaintiffs by preventing Plaintiffs from bringing this matter to trial.  Dkt. No. 125 at 6.  Plaintiffs seek a trial date in October, 2021.  *Id.*  Modifying the Scheduling Order as outlined in Defendants' Motion to Modify will not interfere with an October, 2021 trial date.

Indeed, as noted in Defendants' Response to Plaintiff's Motion to Set Date Certain for Trial, Defendants do not oppose setting a trial date for this matter.  *See* Dkt. No. 126.

Defendants' Motion to Modify contemplates Motions for Summary Judgment being filed no later than July 1, 2021.  If Motions for Summary Judgment are filed by July 1, there will be adequate time for the motions to be briefed and disposed of prior to an October, 2021 trial date.  As such, granting Defendants' Motion to Modify will neither prejudice Plaintiffs nor deprive Plaintiffs of the date certain for trial they seek.

In the end, then, there is both good cause for granting Defendants' Motion to Modify and no harm to Plaintiffs in doing so.  It will always be true that Defendants could have moved to extend the deadline for summary judgment prior to that deadline expiring.  Focusing solely on that argument, however, ignores that Plaintiffs tread beyond the deadlines imposed by the Court's Scheduling Order as well and, more importantly, that Defendants have otherwise been diligent throughout this litigation.  Accordingly, Defendants respectfully submit Defendants' Motion to Modify should be granted.

Dated at Burlington, Vermont this 14th day of June, 2021.

       CITY OF BURLINGTON, VERMONT,
       BRANDON DEL POZO, JASON
       BELLAVANCE, AND CORY CAMPBELL

By:    */s/ Pietro J. Lynn*
       Pietro J. Lynn, Esq.
       Lynn, Lynn, Blackman & Manitsky, P.C.
       *Counsel for Defendants*
       76 St. Paul St. - Suite 400
       Burlington, VT 05401
       (802) 860-1500
       plynn@lynnlawvt.com