☐ FLASH CITE                                                                 Incident Number 18 BU020780

## State of Vermont – Superior Court – Chittenden County
☒ Criminal Division – Adult CITATION (check the adult box/see instructions below)
☐ Family Division – Juvenile CITATION (check the juvenile box/see instructions below)

To: **Jeremie Meli**                                    Date of Birth: **1/19/94**

BY THE AUTHORITY OF THE STATE OF VERMONT, you are hereby ordered to appear before a judicial officer at the Superior Court of Vermont (32 Cherry Street in Burlington) at the following time:

| **Date to appear** 9/20/18 | **Time to appear** 0830 | to answer to the charge/delinquent act: |
|---|---|---|
| Offense(s)/Delinquent Acts | Simple Assault | |
| Issued on (date) 9/9/18 | Burlington | Chittenden County |
| Signature of Issuing Officer 353 | | Police Officer - Burlington Police Department |
| I received this Citation on: | Date Issued 9/9/18 | Signature of Defendant or Juvenile  Explained |

☒ **ADULT** – An information charging you with this offense will be presented at the time of your appearance. IF YOU DO NOT APPEAR AT THE TIME AND PLACE ORDERED, A WARRANT WILL BE ISSUED FOR YOUR ARREST AND YOU MAY BE SUBJECT TO ADDITIONAL CHARGES AND PENALTIES. (**You must appear at the Criminal Division on the second floor at 32 Cherry Street in Burlington.**)

☐ **JUVENILE** – The Court will mail you a delinquency petition before your hearing date. IF YOU DO NOT APPEAR AT THE TIME AND PLACE ORDERED, AN ORDER WILL BE ISSUED FOR YOU TO BE PICKED UP AND BROUGHT TO COURT AND YOU MAY BE SUBJECT TO PENALTIES.
*NOTICE TO PARENT / GUARDIAN / CUSTODIAN* - A parent, guardian, or custodian must go to court with the youth (33 V.S.A. 5108). IF YOU DO NOT APPEAR AT THE TIME AND PLACE ORDERED, A WARRANT MAY BE ISSUED FOR YOUR APPEARANCE. (**You must appear at the Family/Juvenile Division on the first floor at 32 Cherry Street in Burlington.**)

| Name of Person Signing for citation | Address & Phone Number of Parent/Guardian/Custodian | |
|---|---|---|
| Child is in legal custody of: [ ] DCF  [ ] person signing citation  [ ] other _____ | Signature - Issuing Officer | Police Officer - Burlington Police Department |
| I received this Notice on: | Date Issued | Signature - Parent/Guardian/Custodian |

### OFFICER RECOMMENDATION
Based on information contained in the Defendant's criminal or delinquency history, contacts history with the police department, and assessment of ongoing risk to the community and the defendant's pattern of behavior, I recommend the following (*check one*):

☒ **Standard Prosecution – Adults 18+**
☐ **Juvenile (16-17 year old) – Juvenile/Family Court** - For **all misdemeanors excluding** partner domestic violence, stalking, motor vehicle offenses, and assaults on law enforcement officers, 16 and 17 years olds are initially cited into juvenile court. If in the officer's best judgment, the case should initially be brought in adult court or referred directly to the Community Justice Center, the officer should process the case in that manner.
☐ **Juvenile (16-17 year old) – Adult/Criminal Court** – For felonies, partner domestic violence, stalking, motor vehicle offenses, and assaults on law enforcement officers, or if in the officer's best judgment the case should be referred to criminal court.
☐ **Community Justice Center / Alternative Justice** (For low level, low impact defendants who may benefit from having their case handled through a restorative justice process at the community level rather than traditional court.)
☐ **Rapid Intervention** (For offenders who may have been through the system before who are in need of substance abuse or mental health treatment, or have other unmet social service needs. If you have questions about a Rapid Intervention call 802-951-0120.)
- Has the defendant had more than one contact with police within 30 days?    YES / NO
- Does the defendant exhibit signs/symptoms of mental illness?    YES / NO
- Does the defendant have untreated substance abuse/addiction issues?    YES / NO
- Could the defendant benefit from a referral to one or more social services?    YES / NO

COPIES: White = State, Yellow = Court, Pink = Defense, Gold = Defendant
*** Juvenile Citations are NOT public records ***
Officer Recommendation Section should only be filled out on top (WHITE)/State copy.

18BU020780

## BURLINGTON POLICE DEPARTMENT
## AFFIDAVIT OF PROBABLE CAUSE

### STATE OF VERMONT

**SUPERIOR COURT**  **Criminal Division**
**CHITTENDEN UNIT**  **Docket No.        Cncr**

**State of Vermont**

v.

**Jeremie Meli (DOB 01/19/1994), Defendant**

Now comes **Officer Vincent Ross**, affiant, being duly sworn and on oath deposes and says he has probable cause to believe that **Jeremie Meli (DOB 01/19/1994), has committed the crimes of Simple Assault** of Title **13** V.S.A. **1023** and **Disorderly Conduct** of **13** V.S.A. **1026,** and **Resisting Arrest** of Title **13** V.S.A. **3017**

1. I am a sworn law enforcement officer with the Burlington Police Department. I was certified by the Vermont Criminal Justice Training Council in 2015.

2. On 7/1/2018 at approximately 0008 hours I was dispatched to the area of What Ales You, 152 St. Paul Street in Burlington. Upon arrival I observed Cpl. Schaller and Sgt. Bellavance struggling with a subject, later identified by US Passport as Jeremie Meli (1/19/1994), on the ground in front of JP's Pub, 139 Main Street. Meli was thrashing his feet and physically resisting being put into handcuffs by attempting to pull his hands under his body. I gave Meli repeated commands to stop resisting, which he ignored. Meli was eventually placed into handcuffs by myself, Ofc. Schaller and Sgt. Bellavance. It should be noted that after he was placed into handcuffs Meli attempted to grab me in the area of my gun belt and I gave him several hard commands to stop. Due to Jeremie's disorderly behavior a large crowd formed around us and several other police officers responded to control it.

3. According to Sgt. Bellavance's report, he arrived on scene and a What Ales You employee pointed out Meli and advised that Meli punched him in the face a few times. When Sgt. Bellavance approached Meli, he was actively yelling at another What Ales You employee, identified as Sinan Eren (10/6/1963). Sgt. Bellavance's report states "Jeremie appeared to be the aggressor in the confrontation as he was repeatedly shaking his hand near Sinan's face while yelling at Sinan. It was because of this behavior and the report from the bartender that Jeremie had just assaulted him, when I reached Jeremie, I pushed him away from Sinan. Jeremie stumbled back a step, trip, and fell backwards causing him to strike his head against the nearby building."

4. Sgt. Bellavance's report states that Meli lost consciousness and he immediately called for Burlington Fire Department to respond. When Meli regained consciousness he began to yell at Sgt. Bellavance and when he attempted to put him into handcuffs started to "thrash his body around, pull his hands away, and generally resist arrest." Meli also "continued to resist by rolling and pulling his hands away as Ofc. Schaller, Ofc. Ross and I attempted to control and handcuff him." Sgt. Bellavance's full report is attached to this incident.

5. Cpl. Schaller's report states that "Meli thrashed his body around, pulled his hands away, and resisted being placed in handcuffs." Cpl Schaller also advised in her report that Meli continued to roll his body from side to side and "tried to place his hands underneath his body and continually kicked his feet out trying to kick Ofc. Ross and Sgt. Bellavance." Cpl Schaller's full report is attached to this incident.

6. Once Jeremie was controlled and being evaluated by Burlington Fire Department personnel I spoke to Ofc. Hodges who advised that Jeremie had assaulted an employee of What Ales You. The following is a direct excerpt of Ofc. Hodges' report:

    > *Upon arrival, I spoke with a bartender, Matthew Fay. Fay stated he observed a male, later identified as Jeremie Meli (DOB 01/19/1994), starting fights with other people in the bar. Fay stated he went to escort Jeremie out of the bar. Fay stated Jeremie physically resisted and advised two other males, later identified as Albin Meli (DOB 01/19/1994) and Charlie Meli (DOB 12/25/1996) was pushing Fay away from Jeremie, preventing him from escorting Jeremie out of the bar.*

    > *Fay stated staff and other patrons tried to help him get Jeremie out of the bar. Fay stated Jeremie punched him directly in the face about four times, causing pain. Fay described the pain as a 4 out of 10 (0 - 10 pain scale).*

    > *Fay stated staff was able to get Jeremie out of the bar and stated at one point, Albin placed Fay in a headlock in an attempt to get Fay off of Jeremie. Fay provided a sworn statement.*

    > *I spoke with another employee, Sam Thibault. Thibault stated he was working the door when he heard a disturbance inside the bar. Thibault stated he went down to help and observed Fay and several staff members attempting to get a group of people out of the bar. Thibault stated he witnessed Jeremie punch Fay in the face. Thibault stated Albin was actively pushing staff members away from Jeremie. Thibault provided a sworn statement.*

7. Jeremie's criminal history in Vermont reflects one misdemeanor charge with one conviction for Driving Under the Influence (docket 971-4-15). He has failed to appear in court once. It should be noted that during this incident Jeremie appeared to be highly intoxicated. His eyes were bloodshot and watery and his speech was extremely slurred and he had a strong odor of intoxicants on his breath.

8. Jeremie's brothers were also charged for their involvement in this incident. Albin Meli (12/02/1992) was cited for Simple Assault on a Police Officer and Disorderly Conduct. Charles Meli (12/25/1996) was cited for Disorderly Conduct.

9. Based on the above statements I have probable cause to believe that Jeremie Meli committed the crimes of Simple Assault, Disorderly Conduct, and Resisting Arrest.

_____ 353
(Affiant)

Subscribed and sworn to before me on __9/10/18__, at Burlington

_____
Notary Public (expires 2/10/20 _19_ )