

**POLICE DEPARTMENT**
**CITY OF BURLINGTON**

February 19, 2019

**Confidential – Delivered by Hand**

Sergeant Jason Bellavance
Burlington Police Department
One North Avenue
Burlington, Vermont  05401

Dear Sergeant Bellavance,

I am writing to notify you that the Department has reached partial findings regarding the Bureau of Internal Affairs Investigation, BIA #2018-03, in which you have been involved. Regarding the allegations that you violated the following rules and procedures, the findings are as follows:

*Officer's use of force against suspect was unlawful or excessive – **Unsubstantiated***
*Officers use of force against suspect was unnecessary or unreasonably departed from the expectations of our training - **Substantiated***

The substance of these allegations includes the following core components:

- You responded to a disturbance call on Main Street on September 9, 2018, where you made contact with an alleged suspect and without any verbal communication, forcibly pushed the person down. As a result of that unwarranted push, that person struck their head, was rendered unconscious, and sustained a serious head injury.

These are serious issues that require discipline, corrective action, and/or education. I am considering imposing disciplinary action up to and including suspension. The purpose of this letter is to give you notice of the charges against you and to set up an opportunity for you to respond to them and provide me any other information you wish me to consider about the incident or any possible consequences. You may bring representation to the meeting. If you intend to invite counsel, please advise me as soon as possible.

We would like to meet with you on February 21, 2019 at 3:30 PM at the police department.

Sincerely,

Jannine Wright
Deputy Chief of Police

159

ANTONIO B. POMERLEAU BUILDING • ONE NORTH AVENUE • BURLINGTON, VT 05401

Burl1097



**POLICE DEPARTMENT**
CITY OF BURLINGTON

February 21, 2019

**Confidential – Delivered by Hand**

Sergeant Jason Bellavance
Burlington Police Department
One North Avenue
Burlington, Vermont 05401

Dear Sergeant Bellavance,

I am writing to notify you that the Department has reached findings regarding your Bureau of Internal Affairs Investigation, BIA # 2018-03, in which you have been involved. Regarding the allegations that you violated rules and procedures, the findings are as follows:

Allegation 1: Officer's use of force against suspect was unlawful or excessive. **UNSUBSTANTIATED**

Allegation 2: Officer's use of force against suspect was unnecessary or unreasonably departed from the expectations of your training. **SUBSTANTIATED**

The Burlington Police Department conducted an internal investigation into the injuries sustained by Jeremie Meli pursuant to his arrest on September 9, 2018. We have concluded that the force used against him was unnecessary given the circumstances as they prevailed. The findings, in detail, are as follows.

Upon approaching Meli, we concur that you had probable cause to believe he had just committed an assault, that he was subject to arrest, and that he was engaged in a mutual verbal dispute with another person in which both were speaking loudly, raising their arms, and pointing their fingers at each other. The totality of these circumstances required that you quickly engage with these two men to attempt to deescalate the situation and to place Meli under arrest for his alleged assault at the bar.

This being the case, you walked up to Meli and pushed him backwards as the totality of your actions prior to his arrest. As a result of this push he fell, hit his head, and was rendered unconscious. We do not believe this outcome was intended by you, but it was not entirely unforeseeable given the fact that a person who is pushed may indeed fall as a result, especially if he is intoxicated. The issue at hand here is therefore whether or not the circumstances that



**POLICE DEPARTMENT**
**CITY OF BURLINGTON**

have been established warranted the risks associated with the foreseeable possibility, however small, of such a fall.

We have concluded that you did not have sufficient cause to use this level of force on Meli given your training and the prevailing circumstances. Meli was not involved in an active physical altercation with the other person, he was not fleeing the scene, and there was no imminent physical danger to you or other persons based on either of the men using or threatening physical force against each other. Before pushing Meli away from the person he was arguing with, some combination of the following lesser measures would have been in keeping with your training:

- Identifying yourself as a police officer;
- Issuing clear verbal instructions to Meli to move away from the other person;
- Issuing clear verbal instructions to the other person to move away from Meli;
- Issuing clear verbal instructions to both persons to separate from each other;
- Escorting the other person, who did not appear to be intoxicated, away from Meli;
- Attempting to escort Meli away from the other person;
- Instructing Meli to be seated or to use escort measures to place him in a seated position;
- Apprising both persons that if they ignored your instructions to separate and desist, you would coerce them into doing so.

We have concluded that if you had employed some combination of these measures based on your professional experience and judgment, it may have justified subsequently pushing Meli away from the person he was arguing with in order to end their dispute and place Meli under arrest. This is because the push could have been articulated as an escalation of your use of force, as lesser measures had failed to achieve this end. Further, there is no reason to believe engaging in these lesser measures would have unnecessarily endangered you or another person. Absent such preceding actions on your part, pushing Meli as your first interaction with him has been found to be unnecessary given your training and the expectations of the department.

We also note that Meli's brother became alarmed at Meli's injuries, having witnessed his fall. The sound of his head striking the ground or the wall was audible on the footage captured by your camera, and his unconsciousness was notable. It was normal for his brother to become alarmed and to act the way he did, becoming vocal and distressed. It seems, however, that responding officers who did not witness the push and fall did not understand the motivations behind Meli's brother's distress, and therefore did not have the opportunity to take them into account when they subsequently arrested him for placing his hands on the shoulders of a



**POLICE DEPARTMENT**
CITY OF BURLINGTON

responding officer who was keeping him away from his brother. Affirmative command of the scene, including letting officers know that the man had just seem his brother hit his head against the ground and go unconscious, may have obviated the perception that he was a needless threat to officer safety who should be placed under arrest.

It is noted that you immediately requested medical attention for Meli, and that you used good judgment in insisting on follow-up medical attention at headquarters. This, along with the economy of the force used against him, demonstrates your concern for the suspect and that you were not acting out of malice.

In summary, we conclude that you did not intend the injuries sustained by Meli. Still, his fall was not unforeseeable, and therefore they were justified only if the force you used against him was necessary given your training. We conclude that the force you used was economical, and you were immediately and persistently concerned with securing medical treatment for Meli's injuries, but this force had not proven to be necessary because it was not an escalation following from some combination of the less forceful measures you have been trained to use, none of which we conclude would have been unsafe or unadvisable for you to attempt given the prevailing circumstances. We therefore conclude that the injuries sustained by Meli were not a necessary product of a police interaction conducted in accordance with your training.

In the realm of discipline, the following shall occur:
- You will be suspended from duty without pay. We have agreed that you will take these suspension days on February 21st, February 28th, March 7th and 8th.
- You will be ineligible for promotion or special assignments, unless it becomes a necessity for operations of the agency, for eighteen (18) months.
- You are required to attend de-escalation training.
- This document will reside in your personnel file for three (3) years.

You are a valued member of this Department and this outcome should not be construed to diminish that. Rather, it is an example of our collective commitment to accountability and setting high standards for workplace conduct, which is an essential part of our operating environment.

Please let me know if you have any further questions, comments or concerns.

Sincerely,

Brandon del Pozo, Chief of Police

ANTONIO B. POMERLEAU BUILDING • ONE NORTH AVENUE • BURLINGTON, VT 05401

Burl1100