IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

ALBIN MELI;
CHARLIE MELI;
JEREMIE MELI;

      PLAINTIFFS

vs.

CITY OF BURLINGTON, VERMONT et al.;          Civil Action
                                      No. 2:19-CV-71

**PLAINTIFF CHARLIE MELI'S REQUEST FOR ENTRY OF FINAL JUDGMENT**

NOW COMES Plaintiff, Charlie Meli, by and through his counsel, and requests that the

court issue an entry of final judgment pursuant to Federal Rules of Civil Procedure 54(b) as to

his claims dismissed by the court on summary judgment grounds.  In support of their position,

Plaintiffs state as follows:

**Legal Standard**

"When more than one claim for relief is presented in an action, whether as a claim,

counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment

upon one or more but less than all of the claims only upon an express determination that there is

no just reason for delay and upon an express direction for the entry of judgment." *Sears, Roebuck*

*& Co. v. Mackey*, 351 U.S. 427, 434–35, 76 S. Ct. 895, 899, 100 L. Ed. 1297 (1956). This

holding is incorporated in FRCP 54(b).

"[T]o have a final judgment under the rule, (1) multiple claims or multiple parties must

be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally

decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an

express determination that there is no just reason for delay" and expressly direct the clerk to

enter judgment." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992).

"In deciding whether there are just reasons to delay an appeal of individual final

judgments in a setting such as this, a district court must take into account the interests of sound

judicial administration as well as the equities involved. Hence, it was proper for the District

Court here to consider such factors as whether the claims under review were separable from the

others remaining to be adjudicated and whether the nature of the claims already determined was

such that no appellate court would have to decide the same issues more than once even if there

were subsequent appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 2, 100 S. Ct.

1460, 1462, 64 L. Ed. 2d 1 (1980).

<u>**Argument**</u>

The court in its entry order granting in part and denying in part the Defendant's Motion

for Summary Judgment ruled to dismiss all claims brought by Charlie Meli. The Defendants then

appealed the denial of qualified immunity on Jeremie Meli's claims. Plaintiffs filed a

cross-appeal on the denied claims of Charlie Meli. Plaintiffs request that the court enter final

judgment on Charlie Meli's claims so that the parties may avoid jurisdictional questions and

lengthy discussion of whether or not Charlie Meli's dismissed claims are inextricably linked to

the issues appealed by the Defendants. See *Jones v. Parmley*, 465 F.3d 46, 65 (2d Cir. 2006).

Clearly multiple parties and multiple claims are involved and Charlie Meli's claims have

been decided by this court.

As a result, plaintiffs believe the resolution as to whether an "appellate court would have

to decide the same issues more than once even if there were subsequent appeals." per

*Curtiss-Wright* is the determining factor in whether to grant Plaintiffs motion for final judgment.

Plaintiff also believes that resolving the Defendants appeal and Charlie Meli's cross appeal benefits judicial economy but that this is more a logistical discussion and docket management is ultimately the court's purview.

In dismissing Charlie Meli's claims the court found that defendants Jason Bellavance and Cory Campbell had arguable probable cause to arrest Charlie Meli and were therefore protected by qualified immunity. Certainly if the Second Circuit Court of Appeals affirms this court then Charlie Meli's matter is resolved in its entirety and no further appeals on this issue would be heard by the Second Circuit Court of Appeals again. On the other hand, if the Second Circuit Court of Appeals were to reverse this court the same issues could not come before the appellate court again because "the application of collateral estoppel has been narrowly tailored to ensure that it applies only where the circumstances indicate the issue estopped from further consideration was thoroughly explored in the prior proceeding, and that the resulting judgment thus has some indicia of correctness." *Johnson v. Watkins*, 101 F.3d 792, 795 (2d Cir. 1996) citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir.1986), cert. denied, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987).

### Conclusion

The court should grant plaintiff's motion to enter a final order as to Charlie Meli's claims to allow for his cross-appeal to be heard at the same time that Defendant's appeal is heard. Plaintiffs believe that they meet the requirements of *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085 (2d Cir. 1992) and *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980) for the court to certify this matter for appeal.

Dated at Brattleboro, Vermont, this 28th day of April, 2022.

Respectfully Submitted,
ALBIN MELI, CHARLIE MELI
And JEREMIE MELI

S/Evan Chadwick
EVAN CHADWICK, ESQ.
CHADWICK & SPENSLEY, PLLC
136 High Street
Brattleboro, VT 05301
(802) 257-7161
evan@chadwicklawvt.com

4